UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

UNITED STATES OF AMERICA,

    Plaintiff,

v.

MORRELL DION JOHNSON,

    Defendant.

Case No. 25-CR-48-JPS

**ORDER**

On March 11, 2025, the grand jury returned a fourteen-count Indictment, charging Defendant Morrell Dion Johnson ("Defendant") with violations of 18 U.S.C. §§ 1591(a)(1), 1591(b)(1), 1594(c), 2421(a), 2(a), 922(g)(1), and 924(a)(8) and 21 U.S.C. §§ 846, 841(a)(1), 841(b)(1)(C), and 856(a)(1). ECF No. 1. Defendant was subsequently charged in a three-count Information, which alleged violations of 18 U.S.C. §§ 1591(a)(1), 1591(b)(1), 922(g)(1), and 924(a)(8) and 21 U.S.C. § 856(a)(1). ECF No. 19. On October 21, 2025, the parties filed a proposed Federal Rule of Criminal Procedure 11(c)(1)(C) plea agreement, along with a motion to seal and for *in camera* review of the plea agreement, indicating that Defendant had agreed to plead guilty to all three Counts in the Information.[1] ECF Nos. 16–17. This Court granted the motion as to sealing and referred the matter to Magistrate Judge William E. Duffin for *in camera* review of the plea agreement. Oct. 22,

---

[1] The Information, ECF No. 19, was filed after the plea agreement, ECF No. 17, and Judge Duffin's initial Report and Recommendation, ECF No. 18. This appears to be an oversight on the part of the parties and does not hinder the Court's ability to reach a conclusion in this case.

2025 text order. Defendant waived his right to prosecution by indictment. ECF No. 21.

Federal Rule of Criminal Procedure 11(c)(1)(C) permits the Government to agree, as part of the plea agreement, to a specific sentence that would "bind[] the court once the court accepts the plea agreement." The plea agreement indicates that the parties "agree that a sentence no lower than 180 months and no higher than 262 months in prison, to run concurrent to any other sentence . . . is the appropriate disposition of the case." ECF No. 17 at 6.

On October 23, 2025, Magistrate Judge Duffin filed a Report and Recommendation with this Court, recommending that the plea agreement be accepted and that the agreed disposition be included in the judgment. ECF No. 18. Pursuant to General Local Rule 72(c), 28 U.S.C. § 636(b)(1)(B), and Federal Rule of Criminal Procedure 59(b), the parties were advised that written objections to that recommendation, or any part thereof, could be filed within fourteen days of the date of service of the recommendation. *Id.* To date, no party has filed such an objection. The Court has considered Magistrate Judge Duffin's recommendations regarding the plea agreement's sentencing provisions and, having received no objection thereto, will adopt them.

The parties then appeared before Magistrate Judge Duffin on November 5, 2025 to conduct a plea colloquy pursuant to Federal Rule of Criminal Procedure 11. ECF No. 20. Defendant entered a plea of guilty as to all Counts of the Information. *Id.* After cautioning and examining Defendant under oath concerning each of the subjects mentioned in Rule 11, Magistrate Judge Duffin determined that the guilty plea was knowing and voluntary, and that the offenses charged were supported by an

independent factual basis containing each of the essential elements of the offenses. *Id.*

That same day, Magistrate Judge Dries filed a second Report and Recommendation with this Court, recommending that: (1) Defendant's plea of guilty be accepted; (2) a presentence investigation report be prepared; and (3) Defendant be adjudicated guilty and have a sentence imposed accordingly. ECF No. 22. Pursuant to General Local Rule 72(c), 28 U.S.C. § 636(b)(1)(B), and Federal Rule of Criminal Procedure 59(b), the parties were advised that written objections to that recommendation, or any part thereof, could be filed within fourteen days of the date of service of the recommendation. *Id.* To date, no party has filed such an objection. The Court has considered Magistrate Judge Duffin's recommendations regarding Defendant's change of plea and, having received no objection thereto, will adopt them.

Additionally, because the Court has adopted the plea agreement and there is no longer an interest in preserving the confidentiality of the plea negotiations, the Court will vacate its October 22, 2025 text order sealing the plea agreement and direct the Clerk of Court to unseal the plea agreement.

Accordingly,

**IT IS ORDERED** that the Court's October 22, 2025 text order be and the same is hereby **VACATED** to the extent it sealed the plea agreement; the Clerk of Court is directed to **UNSEAL** the plea agreement, ECF No. 17; and

**IT IS FURTHER ORDERED** that Magistrate Judge William E. Duffin's Reports and Recommendations, ECF Nos. 18 and 22, be and the same are hereby **ADOPTED**.

Dated at Milwaukee, Wisconsin, this 1st day of December, 2025.

BY THE COURT:

_____
J.P. Stadtmueller
U.S. District Judge